```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

BRETT MILAM,                    \*

    Plaintiff,                 \*

vs.                             \*
                                  CASE NO. 4:21-CV-221 (CDL)

WERNER ENTERPRISES, INC.,       \*

    Defendant.                 \*

O R D E R

Brett Milam claims that he suffered injuries when he was in a wreck with a truck driver for Warner Enterprises, Inc. on March 16, 2020. Warner filed a summary judgment motion, arguing that Milam cannot establish that he suffered any injuries caused by the March 16 wreck. For the reasons set forth below, the Court grants Warner's summary judgment motion (ECF No. 15).

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

In accordance with the Court's local rules, Warner submitted a statement of undisputed material facts with its summary judgment motion. *See* M.D. Ga. R. 56 (requiring a statement of material facts that is supported by the record). Milam, who is represented by counsel, did not respond to Warner's summary judgment motion or its statement of material facts.  Warner's fact statement is thus deemed admitted pursuant to Local Rule 56, and the Court reviewed Warner's citations to the record to determine whether a genuine fact dispute exists. *See id.* ("All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate.").

FACTUAL BACKGROUND

On February 14, 2020, Milam was driving his vehicle when it was t-boned on the driver's side.  Milam underwent an MRI on February 28, 2020, which revealed "degenerative disk disease at L5-S1 with small left sided disk extrusion."  Ouanounou Decl. ¶ 7, ECF No. 15-2.  On March 16, 2020, Milam was involved in a wreck with one of Defendant's trucks when the truck driver

crossed into Milam's lane of travel, the trailer made contact with Milam's vehicle, and Milam's vehicle ran into the curb. Milam underwent another MRI on March 24, 2020. According to a board-certified radiologist who reviewed the scans, the "March 24, 2020 MRI of the lumbar spine is identical to the February 28, 2020 MRI of the lumbar spine without any findings of aggravation or progression." *Id.* ¶ 9. The radiologist also stated that "L5-S1 MRI imaging findings on March 24, 2020 were the results of the motor vehicle accident on February 14, 2020, which predated the March 16, 2020 accident." *Id.* ¶ 10. Milam did not offer any evidence to connect his injuries to the March 24, 2020 wreck.

## DISCUSSION

To have a viable negligence action under Georgia law, a plaintiff must establish "the existence of a duty on the part of the defendant, a breach of that duty, causation of the alleged injury, and damages resulting from the alleged breach of the duty." *Elder v. Hayes*, 788 S.E.2d 915, 917 (Ga. Ct. App. 2016).[1] Summary judgment "is appropriate if there is a lack of evidence as to any one essential element of a party's claim." *Id.* at 917-918 (quoting *Great Sw. Express Co. v. Great Am. Ins. Co. of New York*, 665 S.E.2d 878, 881 (Ga. Ct. App. 2008)).

---

[1] Georgia law applies in this diversity action. *See Grange Mut. Cas. Co. v. Woodard*, 826 F.3d 1289, 1295 (11th Cir. 2016) ("Federal courts sitting in diversity apply the substantive law of the forum state.").

Here, Warner argues that Milam cannot create a genuine fact dispute on causation. The Court agrees. Warner presented evidence that Milam's injuries were caused by the February 14 wreck, not the March 16 wreck. Milam did not present any evidence to refute Warner's evidence or create a genuine fact dispute on causation. Accordingly, Milam cannot demonstrate that Warner caused Milam's injuries. Without that essential element, Milam's negligence claim fails.

## CONCLUSION

As explained above, the Court grants Warner's summary judgment motion (ECF No. 15).

IT IS SO ORDERED, this 30th day of November, 2022.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
